1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY LEE KING,

     Plaintiff,

  v.

GANT, *et al.*,

     Defendants.

Case No. 1:23-cv-00640-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE

(ECF No. 17)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

  Jerry Lee King ("Plaintiff"), is a state prisoner proceeding *in forma pauperis* and *pro se* in this civil rights action.

  On August 24, 2023, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 17). Plaintiff asks for appointment of counsel because he is entitled to use the discovery rules on the same terms as other litigants as part of his Due Process right to a fair trial under the Sixth and Fourteenth Amendments. (*Id.*, p. 1). Plaintiff argues that he will not be allowed discovery "because it pertains to CDCR staff's information." (*Id.*) Plaintiff requests appointed counsel so that his constitutional rights can be protected. (*Id.*, p. 2).

  On August 28, 2023, Defendants filed an opposition to Plaintiff's motion. (ECF No. 21). Defendants contend that Plaintiff cannot show that there are exceptional circumstances warranting appointment of counsel. (*Id.*, p. 2).

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds</u>, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 3, 2023**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE