UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>    Plaintiff,<br><br>    v.<br><br>GANT, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00640-JLT-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>(ECF No. 38) |

Plaintiff Jerry Lee King is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court denies Defendants' motion (ECF No. 38) to stay document production pursuant to Court's previous order, ECF No. 30. This denial is without prejudice and Defendants may renew the request in the future.

**I.    BACKGROUND**

This action was severed from *King v. Villegas*, No. 1:17-cv-00676-JLT-EPG (E.D. Ca) (*King I*), on April 26, 2023. (ECF No. 5). In *King I*, Plaintiff proceeds on claims of excessive force in violation of the Eighth Amendment against R. Villegas and P. Cruz. *King I*, ECF Nos. 1, 14, & 20. During the pendency of *King I*, Plaintiff moved to amend the complaint to add additional defendants and claims related to his medical care following the injuries from the excessive force incident at issue in that case. The motion was granted in part, and the Court in *King I* permitted Plaintiff to file his amended complaint as a separate case—the instant action—

1

1  with respect to Plaintiff's "Eighth Amendment claims against Grant and Vitto for failing to
2  provide medical care after the alleged excessive force incident." (ECF No. 5, p. 2 n.1). The case
3  then proceeded past screening and onto discovery. (ECF Nos. 9, 29, 30).
4        The Court issued an Order directing party to exchange certain documents (ECF No. 30) on
5  October 4, 2023. A month later, on November 6, 2023, Defendants filed Motion for Summary
6  Judgment, asserting that Plaintiff "has failed to exhaust available administrative remedies on his
7  claim as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and that the
8  claim is therefore barred and must be dismissed." (ECF No. 34, at 1). The Plaintiff has not yet
9  responded to the motion and the time to make that response has not yet passed. (*See* Court's
10  Scheduling Order, ECF No. 29, at 6, setting the deadline to file opposition to dispositive motions
11  at 30 days).
12        On November 27, 2023, Defendants filed Motion to Stay Document Production,
13  requesting that "the Court stay the production of documents ordered under ECF No. 30 pending
14  the determination of Defendants' motion for summary judgment on the grounds that Plaintiff
15  failed to properly exhaust administrative remedies." (ECF No. 38, at 1). Defendants argue that
16  under *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), the issue of exhaustion
17  should be decided before reaching the merits of a prisoner's claim, at the outset of litigation.
18  (ECF No. 38-1, at 2). Defendants also assert that while the Court's Order, ECF No. 30, directs the
19  exchange of documents related to exhaustion, they have already produced such documents as
20  evidence in support of Defendants exhaustion-based motion for summary judgment. (ECF No.
   38-1, at 2, n.1).

**II.   LEGAL STANDARDS**

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the Court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party

may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

### III. ANALYSIS

Applying the relevant factors to this case, the Court does not use its discretion to stay the discovery at this time, but will deny the motion without prejudice to renewing it in the future.

While the Court appreciates that exhaustion issues should generally be decided first, there are several factors that counsel against a stay in this case. Discovery has just opened, including on the question of exhaustion. Even though Defendants represent they have produced relevant documents in connection with their motion for summary judgment (ECF No. 38-1, at 2, n.1), at this time both parties still have the right to take discovery on this issue, which includes the right to receive documents enumerated in the Court's Order to Exchange Documents, and the right to issue other written discovery, including interrogatories and requests for admission. Additionally, the underlying incident in this case was over seven years ago, in August of 2016, and further delay could prejudice the parties. Finally, the Court has not yet received Plaintiff's opposition to the motion for summary judgment so it cannot determine if the motion may resolve the case in its entirety or whether it will require an evidentiary hearing.

### IV. CONCLUSION

Thus, the Court finds that the factors weigh against a stay at this time and Defendants' motion is DENIED without prejudice.[1]

IT IS SO ORDERED.

Dated: __November 28, 2023__          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants may renew the request in the future, especially if the factors described above change as the case proceeds.