UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>        Plaintiff,<br><br>v.<br><br>GANT, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-00640-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>(ECF No. 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Jerry Lee King is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Gant and Vitto, registered nurses, based on allegations that Defendants refused medical treatment to Plaintiff. (ECF Nos. 3, 9).

On November 6, 2023, Defendants moved for summary judgement, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing of his lawsuit. (ECF No. 34). Plaintiff opposed the motion. (ECF No. 42).

For the reasons stated below, the Court recommends that Defendants' motion for summary judgment (ECF No. 34) be granted.

1

## I. BACKGROUND

This action was severed from *King v. Villegas*, No. 1:17-cv-00676-JLT-EPG (E.D. Ca) (*King I*), on April 26, 2023. (ECF No. 5). In *King I*, Plaintiff proceeds on claims of excessive force in violation of the Eighth Amendment against R. Villegas and P. Cruz. *King I*, ECF Nos. 1, 14, & 20. During the pendency of *King I*, Plaintiff moved to amend the complaint to add additional defendants and claims related to his medical care following the injuries from the excessive force incident at issue in that case. The motion was granted in part, and the Court in *King I* permitted Plaintiff to file his amended complaint as a separate case—the instant action—with respect to Plaintiff's "Eighth Amendment claims against Grant and Vitto for failing to provide medical care after the alleged excessive force incident." (ECF No. 5 at 2, n.1).

The Court screened Plaintiff's amended complaint (ECF No. 3) on May 17, 2023. The Court found Plaintiff stated a cognizable Eighth Amendment claim against Defendants Gant and Vito, registered nurses, based on his allegations that Defendants refused to provide him medical care after an alleged use of force incident on August 17, 2016. (ECF No. 9 at 4–5, 7). The case then proceeded past screening and onto discovery. (ECF Nos. 9, 29, 30).

In their Answer, Defendants asserted affirmative defense that "Plaintiff failed to adequately exhaust administrative remedies as required by 42 U.S.C. section 1997(e)(a)." (ECF No. 19 at 7, ¶ 8).

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On November 6, 2023, Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (ECF No. 34). The motion and accompanying declaration from S. Gates ("Gates declaration"), Chief of the Health Care Correspondence and Appeals Branch, set forth the administrative grievance process that was available to Plaintiff at the time of the incident. (ECF No. 34 at 4; ECF No. 34-3 at 2). To initiate the grievance process, "an inmate was required to submit a CDCR Form 602 that specifically describes the issue and the action requested." (ECF No. 34 at 4). At the time of the incident, in August of 2016, "health care appeals were governed by sections 3084–3086 of the California Code of Regulations . . . Under that process, health care appeals were subject to

three levels of review before administrative remedies were deemed exhausted. Cal. Code Regs. tit. 15, § 3084.7(d)(3)." (ECF No. 34-3 at 2). Plaintiff's health care appeal/grievance records show that King did not submit any healthcare appeals nor health care grievances between July 2016 and October 2019. (ECF No. 34 at 5; ECF No. 34-3 at 3). Therefore, Plaintiff's suit is barred by failure to exhaust as required by Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA). (ECF No. 34 at 5).

In his response, Plaintiff does not dispute the assertion that he did not file a healthcare grievance or appeal related to Defendants' failure to provide him medical care on August 17, 2016. (ECF No. 42). Instead, he recounts procedural history of his litigation, including the Court allowing him to bring the instant medical care claim in a separate suit. (*Id.* at 1). He states that "PLRA states Defendants only need to be put on notice which the Courts did when they split the cases before summary judgment was granted." (*Id.* at 2). Plaintiff asks that the Court either deny Defendants' motion or dismisses this case without prejudice "so Plaintiff can file administrative remedies which will be denied at every level for failure to meet time restraints." (*Id.*)

Defendants filed a Reply, where they assert that "Filing a lawsuit, even with Court approval and at the Court's direction, does not comply with California's procedural requirements for exhausting claims by inmates." (ECF No. 43 at 2).

### III. LEGAL STANDARDS

#### A. Summary Judgment

A party may move for summary judgment on a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca (Albino II)*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed." *Anderson*, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### B. Exhaustion

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 119–1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736 (2001); *see Ross v. Blake*, 578 U.S. 632, 643 (2016).

On a defendant's motion for summary judgment for failure to exhaust, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. at 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . ..

> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . ..
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . .. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643–44 (internal citations omitted).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005). The failure to exhaust in compliance with section 1997e(a) of the PLRA is an affirmative defense that defendants have the burden of raising and proving. *Jones*, 549 U.S. at 216.

**IV.   DISCUSSION**

The Court finds that the following facts are undisputed:[1]

- Plaintiff filed amended complaint in this action alleging Eighth Amendment claim against Defendants Gant and Vito on December 26, 2019. (ECF No. 3).
- The alleged incident giving rise to the events in this action occurred on August 17, 2016. (ECF No. 3 at 5).
- There was a generally available administrative remedy. (ECF No. 34-3 at 2).
- Plaintiff King never filed a health care grievance regarding the incident, nor has he filed any grievance against Defendant Gant or Defendant Vitto. (ECF No. 34-3 at 2–3).
- Plaintiff King filed no health care grievances at all between July 2016 and October 2019. (*Id.*)

---

[1] Plaintiff failed to respond to Defendants' Statement of Undisputed Facts (ECF No. 34-2) as required by Local Rule 260(b). However, after reviewing the parties' filings, the Court has determined that neither side disputes these facts.

Defendants move for dismissal of this action due to Plaintiff's failure to exhaust administrative remedies, which is evidenced by Plaintiff's health care appeal/grievance history showing that he did not filed a health care grievance or appeal related to August 17, 2016 incident. The Court therefore finds that Defendants have met their threshold burden of establishing plaintiff's failure to exhaust the available administrative remedies on his claim before raising it in this action. *Albino II*, 747 F.3d at 1172. Because Defendants carried that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Plaintiff claims Defendants were put on notice when the Court allowed him to amend his complaint to include Eighth Amendment deliberate indifference claim against Defendants Gant and Vito and then severed this claim from his excessive force claim against other defendants. However, there is no legal support for Plaintiff's claim that allowing him to amend satisfied the exhaustion requirement.  Indeed, Plaintiff's allegations in the complaint that the Court allowed to proceed incorrectly stated that Plaintiff had "exhausted his administrative remedies with respect to all claims and all defendants." (ECF No. 3 at 6).  In fact, Plaintiff had not done so.

Accordingly, the Court recommends that Defendants' motion be granted for Plaintiff's failure to exhaust his administrative remedies.

V.     **CONCLUSION AND ORDER**

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendants' motion for summary judgment (ECF No. 34) be **GRANTED**; and
2. All pending motions and deadlines be terminated and this action be dismissed.[2]

\\\
\\\

---

[2] Such dismissal is without prejudice to Plaintiff refiling the claims after he exhausts administrative remedies, if possible.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 14, 2024**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE