|   |   |
|---|---|
| JERRY LEE KING,<br><br>            Plaintiff,<br><br> v.<br><br>GANT, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-00640 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 34, 46) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Jerry King asserts he suffered violations of his civil rights while confined at the Kern Valley State Prison.  Plaintiff contends Defendants, registered nurses, refused to provide him medical care after an alleged use of force incident on August 17, 2016.  (Docs. 3, 9.)  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing of his lawsuit.  (Doc. 34.)  Plaintiff opposed the motion. (Doc. 42.)  The assigned magistrate judge noted that prisoners "are required to exhaust the available administrative remedies prior to filing suit." (Doc. 46 at 5 (citing 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 119–1201 (9th Cir. 2002) (*per curiam*)).  The magistrate judge then found it is undisputed that Plaintiff "never filed a health care

1

grievance regarding the incident" alleged in the complaint, "nor has he filed any grievance" against Defendants. (Doc. 46 at 6.)  The magistrate judge also found that Plaintiff "filed no health care grievances at all between July 2016 and October 2019." (*Id.*)  Therefore, the magistrate judge recommended the "Defendants' motion be granted for Plaintiff's failure to exhaust his administrative remedies" and that "this action be dismissed." (*Id.* at 7.)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 30 days.  (Doc. 46 at 8.)  The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 14, 2024 (Doc. 46) are **ADOPTED**.
2. Defendants' Motion for Summary Judgment (Doc. 34) is **GRANTED**.
3. The action is **DISMISSED** without prejudice.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 26, 2024**

UNITED STATES DISTRICT JUDGE

2